IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM HARTZELL<br>1081 Beverly Road<br>Jenkintown, PA 19046 | :<br>:<br>: | CIVIL ACTION |
| Plaintiff, | :<br>: | NO.: |
| v. | :<br>: | |
| ADAPTABLE SYSTEMS CORP. *d/b/a*<br>CORPORATE PAYROLL SERVICES<br>2 Neshaminy Interplex Drive, Suite 104<br>Feasterville-Trevose, PA 19053 | :<br>:<br>:<br>: | **JURY TRIAL DEMANDED** |
| Defendant. | :<br>: | |

## CIVIL ACTION COMPLAINT

William Hartzell (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Adaptable Systems Corp. *d/b/a* Corporate Payroll Services (*hereinafter* "Defendant") of the Families First Coronavirus Response Act ("FFCRA" - Pub. L. No. 116-127, 134 Stat. 178 (2020)); the Fair Labor Standards Act ("FLSA" - 29 U.S.C. § 201 *et. seq*.), and the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq.*).  As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Adaptable Systems Corp. *d/b/a* Corporate Payroll Services provides payroll services for small to medium sized businesses in several states within the United States (including Pennsylvania), with a location at the address set forth in the above-caption. Plaintiff was employed through and worked out of this address.

8. At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

9. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10. Plaintiff was employed with Defendant as an outside sales representative for approximately 1 month, from on or about March 2, 2020, until his unlawful termination (discussed further *infra*) on or about April 8, 2020.

11. During his employment with Defendant, Plaintiff was primarily supervised by Sales Manager, Frank Fierle (*hereinafter* "Fierle").

12. Throughout his employment with Defendant, Plaintiff was a hard-working employee who performed his job well.

13. In or about mid-March of 2020, Defendant required the majority of its employees, including Plaintiff, to work remotely as a result of the global COVID-19 pandemic.

14. While working remotely from his residence, Plaintiff was required by Defendant to make 60 sales calls per hour.

15. On or about March 13, 2020, as a result of Pennsylvania Governor Tom Wolf's Executive Order, all schools were closed as a result of the COVID-19 pandemic, and Plaintiff's 12-year-old daughter was required to stay home for the foreseeable future.

16. On April 1, 2020, the Families First Coronavirus Response Act ("FFCRA") became effective for all eligible employees through December 31, 2020.

17. The FFCRA provides for paid leave through the Emergency Paid Sick Leave Act and the Emergency Family and Medical Leave Expansion Act to eligible employees who are "unable to work (or telework) due to a need for leave to care for the son or daughter under 18 years of age of such employee if the school or place of care has been closed, or the child care provider of such son or daughter is unavailable, due to a public health emergency" (such as the COVID-19 pandemic). *See* FFCRA, §§ 3102(b), 5102(a) and (b)(A).

18. In or about early April of 2020, Plaintiff was having difficulty completing the

3

number of sales calls required by Defendant from home while caring for his 12-year-old-daughter.[1] As a result, Plaintiff reached out to Fierle, on or about April 7, 2020, to request paid leave under the FFCRA; however, Fierle was unable to provide Plaintiff with any information and directed Plaintiff to Human Resources Director, George Sebastian (*hereinafter* "Sebastian").

19. On or about April 8, 2020, Plaintiff reached out to Sebastian to request paid leave under the FFCRA as he was unable to work (or telework) due to caring for his 12-year-old daughter because of school/child care closure as a result of the COVID-19 pandemic.

20. During the aforesaid April 8, 2020 phone conversation, Sebastian informed Plaintiff that he had no idea what the FFCRA entailed and was unable to provide him with any information but instead instructed Plaintiff to apply for unemployment which would "pay [him] more money."

21. Later that same day, Plaintiff received an email from Sebastian that provided a link to the FCCRA regulation but contained no specific provisions or details about the Act. Sebastian further stated in his email that Fierle would contact Plaintiff "to collect [Plaintiff's] company ipad/phone accessories etc." and that Plaintiff should "please send him and Heather the passcodes to the devices and passwords to your appleID on your ipad," as well as his "expense report for the month."

22. Based on Sebastian's aforesaid instructions, including the request that Plaintiff return all company property (*see* Paragraphs 20 and 21, *supra*), Plaintiff believed he had been terminated/constructively terminated, on or about April 8, 2021, as a result of being unable to work (or telework) due to having to take of his 12-year-old daughter because of school/child care closure

---

[1] Plaintiff is a single father and a primary caregiver for his daughter. Due to the COVID-19 pandemic, he had no other child-care options.

as a result of the COVID-19 pandemic and for exercising his rights under the FCCRA. Plaintiff thereafter filed for unemployment.

23. Despite being on notice that Plaintiff was unable to work because he had to care for his 12-year-old daughter due to school/child care closures as a result of the COVID-19 pandemic, Defendant failed to offer Plaintiff emergency sick leave through the Emergency Paid Sick Leave Act under the FFCRA.

24. Furthermore, despite being on notice that Plaintiff was unable to work because he had to care for his 12-year-old daughter due to school/child care closures as a result of the COVID-19 pandemic, Defendant also failed to clearly advise Plaintiff of his rights under the FCCRA's Emergency Family and Medical Leave Expansion Act.

25. As a result, Defendant failed to clearly follow proper notice, designation, and informational regulations of the FFCRA/FMLA Expansion.

26. Plaintiff believes and therefore avers that Defendant willfully (1) failed to clearly inform him of his individualized FMLA/Emergency Family and Medical Leave Expansion Act rights (established by FFCRA), which constitutes a failure to follow proper notice, designation, and information regulations of the FMLA; (2) discouraged him from filing for protected leave pursuant to the Emergency Paid Sick Leave Act and the Emergency Family and Medical Leave Expansion Act under FFCRA beginning on or about April 8, 2020; (3) failed to compensate Plaintiff his regular wages for said qualifying leave; and (4) terminated/constructively terminated him in retaliation for exercising his rights under the FFCRA (which incorporates the retaliation provisions of the FMLA and the FLSA).

## COUNT I
### Violations of the Families First Coronavirus Response Act ("FFCRA") & the Fair Labor Standards Act ("FLSA")
### ([1] Wrongful Termination & [2] Retaliation)

27. The foregoing paragraphs are incorporated herein as if set forth in full.

28. Effective April 1, 2020, the FFCRA provides for up to 80 hours of paid sick time to eligible full-time employees who are unable to work or telework due to the effects of COVID-19 through the Emergency Paid Sick Leave Act.  *See* FFCRA, at §§ 5102(a) and (b)(A).

29. The FFCRA has expressly identified that enforcement of and all penalties arising from violations of the Emergency Paid Sick Leave Act shall be governed by relevant sections of the FLSA, as set forth in more detail below.

30. Defendant is engaged in an industry affecting commerce and employees, is a private entity, and employs fewer than 500 employees.  *Id.* at § 5110(2)(B)(aa).

31. Plaintiff was an eligible employee as defined by Section 3(e) of the FLSA (29 U.S.C. § 203(e)), who had been "caring for a son or daughter of such employee if the school or place of care of the son or daughter has been closed, or the child care provider of such son or daughter is unavailable, due to COVID-19 precautions," *see* the FFCRA, § 5102(a)(5).

32. Defendant knew that Plaintiff was an eligible employee within the meaning of the FLSA and the FFCRA.

33. Plaintiff was eligible for/requested paid sick leave for the two-week period (from in or about April 8, 2020 to on or about April 22, 2020) that he was unable to work due to caring for his daughter as a result of school/child care closures related to the COVID-19 pandemic (discussed *supra*).

34. It is unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who exercises his rights to "take leave in accordance with this Act." *Id.* at § 5104.  "An employer who willfully violates section 5104 shall . . . be considered to

6

be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 215(a)(3))." *Id.* at § 5105(b)(1).

35. Additionally, an employer who in any way disciplines, discriminates or retaliates against, and/or discharges an employee in violation of this Act is subject to the penalties described in sections 16 and 17 of the FLSA (29 U.S.C. § 216, 217) with respect to such violation. *Id.* at § 5105(b)(2). Penalties under sections 16 and 17 of the FLSA include, but are not limited to, lost wages, an equivalent amount of liquidated damages, and attorney's fees and costs. *See* FLSA, 29 U.S.C. § 216; 217.

36. Defendant willfully (1) failed to clearly inform Plaintiff of his rights pursuant to the Emergency Paid Sick Leave Act under the FFCRA; (2) discouraged him from filing for paid sick leave under the FFCRA when requested; and (3) terminated/constructively terminated him in retaliation for his request for emergency paid sick leave pursuant to the FFCRA/FLSA.

37. These actions as aforesaid constitute violations of the FFCRA and the FLSA.

**COUNT II**
**Violations of the Families First Coronavirus Response Act ("FFCRA")**
**& the Family and Medical Leave Act ("FMLA")**
**([1] Retaliation & [2] Interference)**

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Effective April 1, 2020, the FFCRA provides for paid leave through the Emergency Family and Medical Leave Expansion Act to eligible employees who are "unable to work (or telework) due to a need for leave to care for the son or daughter under 18 years of age of such employee if the school or place of care has been closed, or the child care provider of such son or daughter is unavailable, due to a public health emergency" (such as the COVID-19 pandemic). *See* FFCRA, § 3102(b).

40. The FFCRA has expressly identified that enforcement of and all penalties arising from violations of the Emergency Family and Medical Leave Expansion Act shall be governed by amendments to relevant sections of the FMLA, as set forth below.

41. Plaintiff was an eligible employee under the amended definitional terms of the FMLA, as one "who has been employed for at least 30 calendar days by the employer with respect to whom leave is requested under [29 U.S.C.A. § 2612 (a)(1)(F)]." *Id.* at § 3102(b).

42. Plaintiff requested leave for a "qualifying need related to a public health emergency," from his employer, with whom he had been employed for at least 30 calendar days. *Id.*

43. Defendant is engaged in an industry affecting commerce and employs fewer than 500 employees for each working day during each of 20 or more calendar workweeks in the current or proceeding calendar year. *Id.*

44. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A. § 2612 (a)(1)(F) for a total of twelve (12) work weeks[2] of leave on a block or intermittent basis. *Id.* at § 3102(a)(1).

45. After utilizing 10 days of leave under the Emergency Family and Medical Leave Expansion Act, Plaintiff was entitled to paid leave for the remainder of the allotted 12 weeks.[3]

46. Plaintiff's block time off to care for his daughter due to his daughter's school closure as a result of the COVID-19 pandemic beginning on or about April 8, 2020, constituted FFCRA/FMLA-qualifying leave.

---

[2] If an employee is eligible for and utilizes leave under the Emergency Paid Sick Leave provision of the FFCRA set forth in Count I, the employee's leave entitled under FMLA Expansion provision of the FFCRA is reduced to 10 work weeks of leave on a block or intermittent basis *following* the two weeks Emergency Paid Sick Leave.

[3] "The first 10 days for which an employee takes leave under [29 U.S.C.A. § 2612 (a)(1)(F)] may consist of unpaid leave." *Id.* at § 3102(b).

47. Plaintiff was clearly retaliated against in violation of the FFCRA/FMLA, as he was terminated/constructively terminated after requesting FMLA-qualifying expanded leave to care for his daughter whose school had been closed due to the COVID-19 pandemic.

48. Defendant committed interference and retaliation violations of the FFCRA/FMLA by: (1) terminating/constructively terminating Plaintiff for requesting and/or exercising his FFCRA/FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FFCRA/FMLA leave needs in making the decision to terminate him; (3) failing to clearly inform Plaintiff of his individualized FFCRA/FMLA rights, which constitutes a failure to follow proper notice, designation, and information regulations of the FMLA; (4) terminating/constructively terminating Plaintiff to intimidate him and/or prevent him from taking FFCRA/FMLA-qualifying leave in the future; and (5) making negative comments and/or taking actions towards Plaintiff that would dissuade a reasonable person from exercising his rights under the FFCRA/FMLA.

49. These actions as aforesaid constitute violations of the FFCRA and the FMLA.

**COUNT III**
**Violations of the Families First Coronavirus Response Act ("FFCRA") &**
**the Fair Labor Standards Act ("FLSA")**
**(Unpaid Wages)**

50. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

51. Plaintiff was eligible for/requested paid sick leave for the two-week period (from in or about April 8, 2020 to on or about April 22, 2020) that he was unable to work due to caring for his daughter as a result of school/child care closures related to the COVID-19 pandemic (discussed *supra*), pursuant to FFCRA's Emergency Paid Leave Act.

52. Defendant was required to pay Plaintiff's "regular rate of pay up to $511 per day, and $5,110.00 in the aggregate" for the two-week emergency paid sick leave period due COVID-

19 concerns pursuant to FFCRA's Emergency Paid Sick Leave Act. *See* FFCRA, § 5110(5)(A)(ii)(I).

53. Plaintiff was also eligible for/requested up to 12 weeks of paid leave pursuant to FFCRA's Emergency Family and Medical Leave Expansion Act (discussed *supra*) because he was unable to work due to caring for his daughter as a result of school/child care closures related to the COVID-19 pandemic.

54. After utilizing 10 days of leave under FFCRA's Emergency Family and Medical Leave Expansion Act, Plaintiff was entitled to paid leave for the remainder of the allotted 12 weeks (discussed *supra*), in "an amount that is not less than two-thirds of an employee's regular rate of pay (as determined under section 7(e) of the [FLSA])," and not to "exceed $200 per day and $10,000 in the aggregate." *Id.* at § 3102(a)(1).

55. An employer who fails to pay an employee wages under the FFCRA is "considered to have failed to pay minimum wages in violation of section 6 of the FLSA (29 U.S.C. § 206)." *Id.* at § 5105(a)(1).

56. Defendant failed to pay Plaintiff any of the above required wages (*see* Paragraphs 52 and 54, *supra*) under FFCRA's Emergency Sick Leave Act and Emergency Family and Medical Leave Expansion Act.

57. As a result of Defendant's willful failure to pay Plaintiff the aforesaid compensation due him, Defendant violated the FFCRA and the FLSA and caused Plaintiff to suffer damages in the form of unpaid wages.

58. These actions as aforesaid constitute violations of the FFCRA and the FLSA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C. Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

F. Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____

Ari R. Karpf, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: April 21, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| William Hartzell | : | CIVIL ACTION |
| v. | : | |
| Adaptable Systems Corp. d/b/a Corporate Payroll Services | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 4/22/2021 | [signature] | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 1081 Beverly Road, Jenkintown, PA 19046

Address of Defendant: 2 Neshaminy Interplex Drive, Suite 104, Feasterville-Trevose, PA 19053

Place of Accident, Incident or Transaction: Defendant's place of business

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/22/2021       *Attorney-at-Law / Pro Se Plaintiff*       ARK2484 / 91538
                                                                 *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 4/22/2021       *Attorney-at-Law / Pro Se Plaintiff*       ARK2484 / 91538
                                                                 *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
HARTZELL, WILLIAM

**DEFENDANTS**
ADAPTABLE SYSTEMS CORP. D/B/A CORPORATE PAYROLL SERVICES

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | [X] 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FFCRA (Pub.L.No.116-127, 134 Stat. 178(2020)); FLSA (29USC201); FMLA (29USC2601)

Brief description of cause:
Violations of the FFCRA, FLSA and FMLA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 4/22/2021
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Print | Save As... | Reset