**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| WILLIAM HARTZELL | : | |
| 1081 Beverly Road | : | |
| Jenkintown, PA 19046 | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO.: 21-1873 |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| ADAPTABLE SYSTEMS CORP. *d/b/a* | : | |
| CORPORATE PAYROLL SERVICES | : | |
| 2 Neshaminy Interplex Drive, Suite 104 | : | |
| Feasterville-Trevose, PA 19053 | : | |
| | : | |
| Defendant. | : | |

---

## FIRST AMENDED CIVIL ACTION COMPLAINT

William Hartzell (hereinafter referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Adaptable Systems Corp. *d/b/a* Corporate Payroll Services (hereinafter "Defendant") of the Families First Coronavirus Response Act ("FFCRA" - Pub. L. No. 116-127, 134 Stat. 178 (2020)); the Fair Labor Standards Act ("FLSA" - 29 U.S.C. § 201 *et. seq.*), and the Family and Medical Leave Act ("FMLA" - 29 U.S.C. §§ 2601 *et. seq.*). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

4.      Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

## PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Defendant Adaptable Systems Corp. *d/b/a* Corporate Payroll Services provides payroll services for small to medium sized businesses in several states within the United States (including Pennsylvania), with a location at the address set forth in the above-caption.  Plaintiff was employed through and worked out of this address.

8.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendant.

## FACTUAL BACKGROUND

9.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.     Plaintiff was employed with Defendant as an outside sales representative for approximately 1 month, from on or about March 2, 2020, until his unlawful termination (discussed further *infra*) on or about April 8, 2020.

11.     During his employment with Defendant, Plaintiff was primarily supervised by Sales Manager, Frank Fierle (hereinafter "Fierle").

12.     Throughout his employment with Defendant, Plaintiff was a hard-working employee who performed his job well.

13.     In or about mid-March of 2020, Defendant required the majority of its employees, including Plaintiff, to work remotely as a result of the global COVID-19 pandemic.

14.     While working remotely from his residence, Plaintiff was required by Defendant to make 60 sales calls per hour.

15.     On or about March 13, 2020, as a result of Pennsylvania Governor Tom Wolf's Executive Order, all schools were closed as a result of the COVID-19 pandemic, and Plaintiff's 12-year-old daughter was required to stay home for the foreseeable future.

16.     On April 1, 2020, the Families First Coronavirus Response Act ("FFCRA") became effective for all eligible employees through December 31, 2020.

17.     The FFCRA provides for paid leave through the Emergency Paid Sick Leave Act and the Emergency Family and Medical Leave Expansion Act to eligible employees who are "unable to work (or telework) due to a need for leave to care for the son or daughter under 18 years of age of such employee if the school or place of care has been closed, or the child care provider of such son or daughter is unavailable, due to a public health emergency" (such as the COVID-19 pandemic).  *See* FFCRA, §§ 3102(b), 5102(a) and (b)(A).

18.     In or about early April of 2020, Plaintiff was having difficulty completing the number of sales calls required by Defendant from home while caring for his 12-year-old-

daughter.[1]

19.     On or about April 8, 2020, in response to an email from Fierle reminding Plaintiff of his aforesaid sales call quota, Plaintiff explained to Fierle that he was having difficulty completing his sales calls while at the same time caring for his 12-year-old-daughter as a result of her school closure.  Plaintiff further asked Fierle if he could provide any assistance or if he should reach out to Human Resources Director, George Sebastian (hereinafter "Sebastian"); however, Fierle was unable to provide Plaintiff with any information.

20.     Later that same day (April 8, 2020), Sebastian reached out to Plaintiff to inquire about his lack of sales calls that morning, to which Plaintiff responded with the following:

> Yeah, I mean I was pretty much telling Frank.   Like I've, I got two kids and everybody is working from home. . .  Like, under these circumstances, obviously . . .  I have a whole house here you know I got kids to take care of it's just kind of distracting, so you know.  I am reading the poster that we got sent out a week ago, I guess it was, and I was wondering if I fit under like the any of the circumstances here.
> ……..
>
> So, I am wondering if I fit under, I guess, number 5 of the thing [poster].[2]

21.     Plaintiff's aforesaid inquiry about the "poster" that Defendant had provided a week earlier (*see* Paragraph 20, *supra*) refers to the official Department of Labor ("DOL") FFCRA employee rights poster, attached hereto as Exhibit "A."  Specifically, "number 5" on the DOL FFCRA poster presented to Plaintiff provides that "[a]n employee is entitled to take leave related to COVID-19 if the employee is unable to work, including unable to telework, because

---

[1] Plaintiff is a single father and a primary caregiver for his daughter.  Due to the COVID-19 pandemic, he had no other child-care options.

[2] After Plaintiff filed his initial complaint, Defendant provided Plaintiff's counsel with a transcript and recording of the April 8, 2020 phone conversation between Plaintiff and Sebastian.  Plaintiff is filing this First Amended Complaint to more accurately depict this phone conversation.  The foregoing quoted material in Paragraphs 20 through 26 is pulled directly from the aforementioned transcript.

the employee . . . *5. is caring for his or her child whose school or place of care is closed (or child care provider is unavailable) due to COVID-19 related reasons.*" (Emphasis added).

22.     In response to Plaintiff's clear request for paid leave under the FFCRA, Sebastian asked if Plaintiff was referring to paid sick leave, FMLA, or the CARES Act.   Because the DOL FFCRA poster provides only a one-page brief guide of employee rights and Plaintiff was unfamiliar with the specific provisions of the FFCRA and the CARES Act, he responded to Sebastian "I thought it was the CARES Act to be honest."

23.     In response to Plaintiff's belief that he may be entitled to paid leave under the CARES Act, Sebastian advised Plaintiff "the CARES Act talks about . . .  the unemployment laws," which are "a little bit more flexible," providing "$600 dollars above what you would normally get for unemployment."

24.     Sebastian then inaccurately and improperly advised Plaintiff that with the Expansion to the Family and Medical Leave Act ("EFMLA") and Emergency Paid Family Sick Leave ("EPFL") provisions of the FFCRA:

> Normally . . . you wouldn't get paid for sick leave that says []  you get paid for your sick leave up to two weeks, up to 80 hours of time.  But that would mean that would require that you get diagnosed with like a COVID 19 or like you know somebody in your family.

25.     Sebastian's clear misinterpretation of the FFCRA provisions misled Plaintiff into believing that he was not eligible for paid leave under the FFCRA despite the fact that he fit squarely into the FFCRA provision that an employee  who is "unable to work (or telework) due to a need for leave to care for the son or daughter under 18 years of age of such employee if the school or place of care has been closed, or the child care provider of such son or daughter is unavailable, due to a public health emergency" (such as the COVID-19 pandemic) is eligible for paid sick leave.   *See* FFCRA, §§ 3102(b), 5102(a) and (b)(A).

26.     Notwithstanding Sebastian's misleading Plaintiff about his rights under the FFCRA, Plaintiff indicated his clear preference to retain his job and continue working for Defendant, by stating during the April 8, 2020 phone conversation, "maybe we can make this work" and "I don't want to just quit."

27.     Later that same day, however, Plaintiff received an email from Sebastian that provided a link to the FCCRA regulation but contained no specific provisions or details about the Act.   Sebastian's email further provided that Fierle would contact Plaintiff "to collect [Plaintiff's] company ipad/phone accessories etc." and that Plaintiff should "please send him and Heather the passcodes to the devices and passwords to your appleID on your ipad," as well as his "expense report for the month."

28.     Based on Sebastian's aforesaid instructions, including the request that Plaintiff return all company property (*see* Paragraph 27, *supra*), Plaintiff believed he had been terminated/constructively terminated, on or about April 8, 2020, as a result of being unable to work (or telework) due to having to take of his 12-year-old daughter because of school/child care closure as a result of the COVID-19 pandemic and for exercising his rights under the FCCRA.

29.     Plaintiff thereafter filed for unemployment, for which he was ultimately denied, as a result of Defendant falsely informing the Pennsylvania Unemployment Department that Plaintiff resigned from his employment with Defendant.

30.     Despite being on notice that Plaintiff was unable to work because he had to care for his 12-year-old daughter due to school/child care closures as a result of the COVID-19 pandemic, Defendant failed to offer Plaintiff emergency sick leave through the Emergency Paid Sick Leave Act under the FFCRA.

31.     Furthermore, despite being on notice that Plaintiff was unable to work because he had to care for his 12-year-old daughter due to school/child care closures as a result of the

COVID-19 pandemic, Defendant also misled and/or misinformed Plaintiff of his rights under the FCCRA's Emergency Family and Medical Leave Expansion Act.

32.     As a result, Defendant failed to clearly follow proper notice, designation, and informational regulations of the FFCRA/FMLA Expansion.

33.     Plaintiff believes and therefore avers that Defendant willfully (1) misled and/or misinformed him of his individualized FMLA/Emergency Family and Medical Leave Expansion Act rights (established by FFCRA), which constitutes a failure to follow proper notice, designation, and information regulations of the FMLA; (2) discouraged him from filing for protected leave pursuant to the Emergency Paid Sick Leave Act and the Emergency Family and Medical Leave Expansion Act under FFCRA beginning on or about April 8, 2020; (3) failed to compensate Plaintiff his regular wages for said qualifying leave; and (4) terminated/constructively terminated him in retaliation for exercising his rights under the FFCRA (which incorporates the retaliation provisions of the FMLA and the FLSA).

**COUNT I**
**Violations of the Families First Coronavirus Response Act ("FFCRA") &**
**the Fair Labor Standards Act ("FLSA")**
([1] Wrongful Termination & [2] Retaliation)

34.     The foregoing paragraphs are incorporated herein as if set forth in full.

35.     Effective April 1, 2020, the FFCRA provides for up to 80 hours of paid sick time to eligible full-time employees who are unable to work or telework due to the effects of COVID-19 through the Emergency Paid Sick Leave Act. *See* FFCRA, at §§ 5102(a) and (b)(A).

36.     The FFCRA has expressly identified that enforcement of and all penalties arising from violations of the Emergency Paid Sick Leave Act shall be governed by relevant sections of the FLSA, as set forth in more detail below.

37.     Defendant is engaged in an industry affecting commerce and employees, is a private entity, and employs fewer than 500 employees. *Id.* at § 5110(2)(B)(aa).

38.     Plaintiff was an eligible employee as defined by Section 3(e) of the FLSA (29 U.S.C. § 203(e)), who had been "caring for a son or daughter of such employee if the school or place of care of the son or daughter has been closed, or the child care provider of such son or daughter is unavailable, due to COVID-19 precautions," *see* the FFCRA, § 5102(a)(5).

39.     Defendant knew/should have known that Plaintiff was an eligible employee within the meaning of the FLSA and the FFCRA.

40.     Plaintiff was eligible for/requested paid sick leave for the two-week period (from in or about April 8, 2020 to on or about April 22, 2020) that he was unable to work due to caring for his daughter as a result of school/child care closures related to the COVID-19 pandemic (discussed *supra*).

41.     It is unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who exercises his rights to "take leave in accordance with this Act." *Id.* at § 5104.  "An employer who willfully violates section 5104 shall . . . be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 215(a)(3))." *Id.* at § 5105(b)(1).

42.     Additionally, an employer who in any way disciplines, discriminates or retaliates against, and/or discharges an employee in violation of this Act is subject to the penalties described in sections 16 and 17 of the FLSA (29 U.S.C. § 216, 217) with respect to such violation.  *Id.* at § 5105(b)(2).  Penalties under sections 16 and 17 of the FLSA include, but are not limited to, lost wages, an equivalent amount of liquidated damages, and attorney's fees and costs.  *See* FLSA, 29 U.S.C. § 216; 217.

43.     Defendant willfully (1) misled and/or misinformed Plaintiff of his rights pursuant to the Emergency Paid Sick Leave Act under the FFCRA; (2) discouraged him from filing for

paid sick leave under the FFCRA when requested; and (3) terminated/constructively terminated him in retaliation for his request for emergency paid sick leave pursuant to the FFCRA/FLSA.

44.     These actions as aforesaid constitute violations of the FFCRA and the FLSA.

**COUNT II**
**Violations of the Families First Coronavirus Response Act ("FFCRA")**
**& the Family and Medical Leave Act ("FMLA")**
**([1] Retaliation & [2] Interference)**

45.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

46.     Effective April 1, 2020, the FFCRA provides for paid leave through the Emergency Family and Medical Leave Expansion Act to eligible employees who are "unable to work (or telework) due to a need for leave to care for the son or daughter under 18 years of age of such employee if the school or place of care has been closed, or the child care provider of such son or daughter is unavailable, due to a public health emergency" (such as the COVID-19 pandemic). *See* FFCRA, § 3102(b).

47.     The FFCRA has expressly identified that enforcement of and all penalties arising from violations of the Emergency Family and Medical Leave Expansion Act shall be governed by amendments to relevant sections of the FMLA, as set forth below.

48.     Plaintiff was an eligible employee under the amended definitional terms of the FMLA, as one "who has been employed for at least 30 calendar days by the employer with respect to whom leave is requested under [29 U.S.C.A. § 2612 (a)(1)(F)]." *Id.* at § 3102(b).

49.     Plaintiff requested leave for a "qualifying need related to a public health emergency," from his employer, with whom he had been employed for at least 30 calendar days. *Id.*

50.     Defendant is engaged in an industry affecting commerce and employs fewer than 500 employees for each working day during each of 20 or more calendar workweeks in the current or proceeding calendar year. *Id.*

51.     Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A. § 2612 (a)(1)(F) for a total of twelve (12) work weeks[3] of leave on a block or intermittent basis. *Id.* at § 3102(a)(1).

52.     After utilizing 10 days of leave under the Emergency Family and Medical Leave Expansion Act, Plaintiff was entitled to paid leave for the remainder of the allotted 12 weeks.[4]

53.     Plaintiff's block time off to care for his daughter due to his daughter's school closure as a result of the COVID-19 pandemic beginning on or about April 8, 2020, constituted FFCRA/FMLA-qualifying leave.

54.     Plaintiff was clearly retaliated against in violation of the FFCRA/FMLA, as he was terminated/constructively terminated after requesting FMLA-qualifying expanded leave to care for his daughter whose school had been closed due to the COVID-19 pandemic.

55.     Defendant committed interference and retaliation violations of the FFCRA/FMLA by: (1) terminating/constructively terminating Plaintiff for requesting and/or exercising his FFCRA/FMLA rights and/or for taking FMLA-qualifying leave; (2) considering Plaintiff's FFCRA/FMLA leave needs in making the decision to terminate him; (3) misleading and/or misinforming Plaintiff of his individualized FFCRA/FMLA rights, which constitutes a failure to follow proper notice, designation, and information regulations of the FMLA; (4) terminating/constructively terminating Plaintiff to intimidate him and/or prevent him from taking FFCRA/FMLA-qualifying leave in the future; and (5) making negative comments and/or taking

---

[3] If an employee is eligible for and utilizes leave under the Emergency Paid Sick Leave provision of the FFCRA set forth in Count I, the employee's leave entitled under FMLA Expansion provision of the FFCRA is reduced to 10 work weeks of leave on a block or intermittent basis *following* the two weeks Emergency Paid Sick Leave.

[4] "The first 10 days for which an employee takes leave under [29 U.S.C.A. § 2612 (a)(1)(F)] may consist of unpaid leave." *Id.* at § 3102(b).

actions towards Plaintiff that would dissuade a reasonable person from exercising his rights under the FFCRA/FMLA.

56.     These actions as aforesaid constitute violations of the FFCRA and the FMLA.

**COUNT III**
**Violations of the Families First Coronavirus Response Act ("FFCRA") &**
**the Fair Labor Standards Act ("FLSA")**
**(Unpaid Wages)**

57.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

58.     Plaintiff was eligible for/requested paid sick leave for the two-week period (from in or about April 8, 2020 to on or about April 22, 2020) that he was unable to work due to caring for his daughter as a result of school/child care closures related to the COVID-19 pandemic (discussed *supra*), pursuant to FFCRA's Emergency Paid Leave Act.

59.     Defendant was required to pay Plaintiff's "regular rate of pay up to $511 per day, and $5,110.00 in the aggregate" for the two-week emergency paid sick leave period due COVID-19 concerns pursuant to FFCRA's Emergency Paid Sick Leave Act.   *See* FFCRA, § 5110(5)(A)(ii)(I).

60.     Plaintiff was also eligible for/requested up to 12 weeks of paid leave pursuant to FFCRA's Emergency Family and Medical Leave Expansion Act (discussed *supra*) because he was unable to work due to caring for his daughter as a result of school/child care closures related to the COVID-19 pandemic.

61.     After utilizing 10 days of leave under FFCRA's Emergency Family and Medical Leave Expansion Act, Plaintiff was entitled to paid leave for the remainder of the allotted 12 weeks (discussed *supra*), in "an amount that is not less than two-thirds of an employee's regular rate of pay (as determined under section 7(e) of the [FLSA])," and not to "exceed $200 per day and $10,000 in the aggregate." *Id.* at § 3102(a)(1).

62.     An employer who fails to pay an employee wages under the FFCRA is "considered to have failed to pay minimum wages in violation of section 6 of the FLSA (29 U.S.C. § 206)." *Id.* at § 5105(a)(1).

63.     Defendant failed to pay Plaintiff any of the above required wages (*see* Paragraphs 52 and 54, *supra*) under FFCRA's Emergency Sick Leave Act and Emergency Family and Medical Leave Expansion Act.

64.     As a result of Defendant's willful failure to pay Plaintiff the aforesaid compensation due him, Defendant violated the FFCRA and the FLSA and caused Plaintiff to suffer damages in the form of unpaid wages.

65.     These actions as aforesaid constitute violations of the FFCRA and the FLSA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.     Plaintiff is to be awarded liquidated damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation);

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law; and

F.      Plaintiff is to be given a jury trial as demanded in the caption of this Complaint.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

_/s/ Adam C. Lease_
Adam C. Lease, Esquire
3331 Street Road
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801
_Attorneys for Plaintiff_

Dated:  June 16, 2021

13

Exhibit A

# EMPLOYEE RIGHTS
## PAID SICK LEAVE AND EXPANDED FAMILY AND MEDICAL LEAVE UNDER THE FAMILIES FIRST CORONAVIRUS RESPONSE ACT

The **Families First Coronavirus Response Act (FFCRA or Act)** requires certain employers to provide their employees with paid sick leave and expanded family and medical leave for specified reasons related to COVID-19. These provisions will apply from April 1, 2020 through December 31, 2020.

## ▶ PAID LEAVE ENTITLEMENTS

**Generally, employers covered under the Act must provide employees:**

Up to two weeks (80 hours, or a part-time employee's two-week equivalent) of paid sick leave based on the higher of their regular rate of pay, or the applicable state or Federal minimum wage, paid at:

- 100% for qualifying reasons #1-3 below, up to $511 daily and $5,110 total;
- ⅔ for qualifying reasons #4 and 6 below, up to $200 daily and $2,000 total; and
- Up to 12 weeks of paid sick leave and expanded family and medical leave paid at ⅔ for qualifying reason #5 below for up to $200 daily and $12,000 total.

A part-time employee is eligible for leave for the number of hours that the employee is normally scheduled to work over that period.

## ▶ ELIGIBLE EMPLOYEES

In general, employees of private sector employers with fewer than 500 employees, and certain public sector employers, are eligible for up to two weeks of fully or partially paid sick leave for COVID-19 related reasons (see below). *Employees who have been employed for at least 30 days* prior to their leave request may be eligible for up to an additional 10 weeks of partially paid expanded family and medical leave for reason #5 below.

## ▶ QUALIFYING REASONS FOR LEAVE RELATED TO COVID-19

An employee is entitled to take leave related to COVID-19 if the employee is unable to work, including unable to **telework**, because the employee:

| | |
|---|---|
| **1.** is subject to a Federal, State, or local quarantine or isolation order related to COVID-19; | **5.** is caring for his or her child whose school or place of care is closed (or child care provider is unavailable) due to COVID-19 related reasons; or |
| **2.** has been advised by a health care provider to self-quarantine related to COVID-19; | **6.** is experiencing any other substantially-similar condition specified by the U.S. Department of Health and Human Services. |
| **3.** is experiencing COVID-19 symptoms and is seeking a medical diagnosis; | |
| **4.** is caring for an individual subject to an order described in (1) or self-quarantine as described in (2); | |

## ▶ ENFORCEMENT

The U.S. Department of Labor's Wage and Hour Division (WHD) has the authority to investigate and enforce compliance with the FFCRA. Employers may not discharge, discipline, or otherwise discriminate against any employee who lawfully takes paid sick leave or expanded family and medical leave under the FFCRA, files a complaint, or institutes a proceeding under or related to this Act. Employers in violation of the provisions of the FFCRA will be subject to penalties and enforcement by WHD.



**WAGE AND HOUR DIVISION**
UNITED STATES DEPARTMENT OF LABOR

For additional information
or to file a complaint:
**1-866-487-9243**
TTY: 1-877-889-5627
**dol.gov/agencies/whd**



WH1422  REV 03/20